Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 213 | **DATE** | 9/11/2002 |
| **CASE TITLE** | JAE EUN HAN, M.D. vs. HEATHER LINSTROM | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court dismisses the appeal for the Debtor's failure to file a designation of record in the time provided by Fed.R.Bankr.P. 8006, 9006 and, in the alternative, affirms the decisions of the bankruptcy court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAE EUN HAN, M.D., | )<br>)<br>) |
| Appellant, | ) 02 CV 213<br>) |
| v. | ) Judge Ronald A. Guzmán<br>) |
| HEATHER LINSTROM, | )<br>) |
| Appellee. | )<br>)<br>) |

DOCKETED
SEP 12 2002

## MEMORANDUM OPINION AND ORDER

Before the Court is Debtor-Appellant Jae Eun Han, M.D.'s appeal from decisions rendered by the United States Bankruptcy Court for the Northern District of Illinois, dismissing his case on November 28, 2001 and subsequently denying his motion to vacate and reconsider on December 12, 2001. For reasons stated herein, the Court dismisses the appeal for failure to file a timely designation of record and, in the alternative, affirms the bankruptcy court's decisions.

## FACTS

On March 20, 2000, Appellee Heather Linstrom ("Appellee") obtained a $4.5 million judgment against the Debtor-Appellant, Dr. Han ("the Debtor"), in a state court negligence action. The Debtor's liability insurance carrier, Illinois State Medical Insurance Services, Inc. ("ISMIE"), paid Appellee the policy limit of $1 million in partial satisfaction of the judgment. While an appeal of the state court judgment was pending, Appellee commenced collection of the remainder from the Debtor's individual assets.

The Debtor voluntarily filed a petition for bankruptcy as an individual under Title 11, United States Code ("the Bankruptcy Code") on February 20, 2001. On approximately April 27, 2001, the Honorable Carol A. Doyle ordered the Debtor to file a reorganization plan and disclosure statement by June 20, 2001. The Debtor subsequently moved to increase this time and Appellant opposed this motion. After hearing arguments on the issue, Judge Doyle extended the time for the Debtor to file a reorganization plan and disclosure statement to October 20, 2001.

On October 23, 2001, having failed to file a plan within the period specified by Judge Doyle, the Debtor filed a second Motion to Increase Time. After hearing arguments on October 25, 2001, Judge Doyle denied this Motion for reasons stated on the record.

Appellee filed a Motion to Dismiss or Convert for Debtor's Failure to File a Plan on October 25, 2001, and the Debtor had notice of this pending Motion when the bankruptcy court heard oral arguments on his second and unsuccessful Motion to Increase Time. Judge Doyle heard arguments on Appellee's Motion to Dismiss on November 28, 2001. Arguing in support of dismissal, the U.S. Trustee reported that in addition to failing to file a plan, the Debtor had not timely filed Operating Reports as required by her office. The Debtor admitted that he had not yet filed a plan, but claimed that he could file one by December 5, 2001. Rejecting this proposal, Judge Doyle ruled, for reasons stated in the record, that the Debtor's case be dismissed.

On December 7, 2001, the Debtor filed a Motion to Vacate Order for Dismissal and for Leave to File Plan *Instanter*. Attaching a copy of a completed reorganization plan but not a disclosure statement, the Debtor requested that the Bankruptcy Court vacate the November 28, 2001 Dismissal Order, reinstate the case, and grant him leave to file the plan *instanter*. After

2

hearing arguments on December 12, 2001, Judge Doyle denied the Debtor's Motion for reasons contained within the record.

The Debtor timely filed a Notice of Appeal from the Bankruptcy Court's decisions on December 21, 2001. However, he did not file a Designation of the Content of the Record on Appeal and a Statement of the Issues to be presented on Appeal until January 10, 2002, more than ten days after they were due.

## DISCUSSION

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*. FED. R. BANKR. P. 8013; *In re Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990).

### I. Failure to Designate the Contents of the Record on Appeal

Appellee first urges this Court to dismiss the Debtor's appeal for failure to designate the content of the record on appeal in a timely fashion. Federal Rule of Bankruptcy Procedure ("Rule") 8006 requires that appellants file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days from the date of the following, whichever is latest: (1) filing a notice of appeal; (2) entry of an order granting leave to appeal; or, (3) entry of an order disposing of the last timely motion of a type specified in Rule 8002(b), which includes a motion to reconsider. FED. R. BANKR. P. 8006. According to Rule 9006, intermediate Saturdays, Sundays, and legal holidays are included within this period unless the time prescribed under the rules is less than

3

eight days. FED. R. BANKR. P. 9006. However, if the last day of the prescribed period falls on a Saturday, Sunday, or legal holiday, it is not included within the time period. *Id.*

In this case, the Debtor's time to designate the contents of the record began when he filed a notice of appeal on December 21, 2001. Because Rule 8006 prescribes a period greater than eight days, intermediate Saturdays, Sundays, and legal holidays count within the computation of the filing period. Thus, the latest day upon which the Debtor could have timely designated the issues on appeal was Monday, December 30, 2001. Instead, the Debtor filed his designation of the issues on appeal on January 10, 2002, in violation of Rule 8006.

The time period provided for in Rule 8006 is not jurisdictional, but failure to comply may serve as grounds for dismissal of an appeal. *In re Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993). While recognizing that no consensus exists as to what conduct on the part of a noncompliant filer warrants a dismissal pursuant to 8006, the Seventh Circuit has identified three major approaches district courts have used in addressing late or missing designations. *In re Bulic*, 997 F.2d 299, 301 (7th Cir. 1993).

First, in the largest group of cases, district courts did not apply any clear standard but simply dismissed or refused to dismiss the appeal. *Bulic*, 997 F.2d at 301. In explaining their decision, such courts occasionally referenced any bad faith on the part of the late filer or prejudice to other parties caused by the delay. *Id.* Under a second approach, district courts cited Bankruptcy Rule 8001(a), which grants them broad discretion to take any appropriate steps, including dismissal, for any non-jurisdictional procedural errors. *Bulic*, 997 F.2d at 301-02. When they did examine specific factors, district courts acting under Rule 8001(a) discussed egregiousness, prejudice, or bad faith. *Id.* at 302. Third, some district courts applied Bankruptcy

4

Rule 9000(b), which allows them to extend time limits after their expiration upon a showing of excusable neglect. *Id.*

Under this third standard, neglect includes omissions through carelessness and mistake. *Id.* In considering what constitutes excusable neglect, courts should analyze all relevant circumstances, including danger of prejudice to the debtor, the length of the delay and its potential impact on proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

Ultimately, the Seventh Circuit in *Bulic* applied the third excusable neglect standard in determining whether to dismiss the debtor's petition. 997 F.2d at 302. However, in recognizing the lack of consensus among the district courts in dismissing bankruptcy appeals under Rule 8006, the Seventh Circuit noted that endorsing a particular approach was unnecessary given the particular facts before the court because the district court's dismissal was warranted under any of the three standards on the facts of that case. *Id.*

In the instant case, there is an insufficient showing of bad faith or egregious conduct to warrant dismissal under the first two approaches enumerated in *Bulic*. In requesting that the Court dismiss this appeal, Appellee does not contend that the Debtor acted in bad faith. His untimely designation does not constitute egregious behavior under the facts and circumstances of the case, and Appellee does not argue that the delay in any way prejudiced her.

However, dismissal is warranted under the third standard utilized in *Bulic*, the excusable neglect standard. It appears that the Debtor miscalculated the filing period under Rule 8006, as January 10, 2002, the day upon which he did designate the contents of the record, is ten days from his filing a notice of appeal when intermediate Saturdays, Sundays, and legal holidays are

not counted within the period. This procedural lapse is a direct result of Debtor's counsel's failure to acquaint himself with rules governing the computation of the filing period. It was entirely within Debtor's counsel's reasonable control to prevent this error. The Debtor offers no excuse for this error in his reply brief; instead, he asserts that Appellee was free to supplement the record on appeal and should have raised her argument regarding the timeliness of the designation earlier. These arguments are unsupported by either the plain language of rule or with existing case law discussed above setting the standard for what constitutes excusable neglect. *See* FED. R. BANKR. P. 8006.

The U.S. Supreme Court has recognized that excusable neglect under these circumstances usually does not encompass ignorance of the rules or errors in their construction. *Pioneer*, 507 U.S. at 392. Furthermore, the Seventh Circuit has held that the excusable neglect standard in the bankruptcy rules "'can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)).

Thus, because dismissal is appropriate under the excusable neglect standard utilized in *Bulic*, the Court dismisses the Debtor's appeal for his untimely designation of the content of record. Nevertheless, even if the Court were to reach the opposite conclusion as to dismissal on that ground and reach the merits of the Debtor's appeal, for the reasons discussed below, the Court would affirm the bankruptcy court's decisions to dismiss the Debtor's Chapter 11 petition and deny his motion to vacate the dismissal and for leave to file a plan *instanter*.

## II. The Bankruptcy Court's Dismissal Pursuant to Section 1112(b)

The Debtor raises several issues on appeal. He claims that the bankruptcy court abused its discretion both in dismissing his case and in denying his motion to vacate the order of dismissal and for leave to file a plan *instanter*.

Section 1112(b) of the Bankruptcy Code provides that, on the request of a party in interest or the United States Trustee, a bankruptcy court, after notice and a hearing, may dismiss or convert a case for cause, whichever is in the best interests of the creditor and the estate. *See* 11 U.S.C. § 1112(b). A bankruptcy court's decision under section 1112(b) necessarily involves a two-step analysis: (A) whether cause exists to dismiss or convert the case; and, if cause does exist, (B) whether dismissal or conversion is in the best interests of the creditor and the estate. *In re Woodbrook Assocs.*, 19 F.3d 312, 316 (7th Cir. 1994) (stating that the court is not obligated to consider alternatives to dismissal besides conversion).

### A. Determination of Cause

A bankruptcy court has broad discretion to dismiss or convert a Chapter 11 case for cause, and its decision is reviewed for an abuse of discretion. *Id.* While section 1112(b) provides a list of factors that are sufficient cause for dismissal or conversion, that list is not exhaustive. *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001). As such, the bankruptcy court is free to consider other factors as they arise and use its equitable powers to reach an appropriate result in individual cases. *Id.*

In this case, the basis for Appellee's Motion to Dismiss was the Debtor's failure to file a plan within the time frame ordered by the court, and the bankruptcy court granted Appellee's Motion on that basis. Failure to file a reorganization plan within the time frame established by

7

the bankruptcy court is sufficient cause for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). While the bankruptcy court did not cite explicitly to a particular provision of the bankruptcy code during the hearing on Appellee's Motion to Dismiss, Justice Doyle's remarks regarding the Debtor's failure to file a plan, as well as the framing of Appellee's Motion to Dismiss as one for failure to file a plan, clearly establish this basis for the bankruptcy court's dismissal.

The movant under section 1112(b) bears the burden of proving by a preponderance of the evidence that cause exists to dismiss or convert a bankruptcy petition. *Woodbrook*, 19 F.3d at 317. While the movant bears this burden of proof, dismissal for cause under section 1112(b) does not necessarily require a full evidentiary hearing if all relevant issues have otherwise been addressed in the course of the case. *In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2nd Cir. 1984); *In re Sunflower Racing, Inc.*, 226 B.R. 665, 668 (D. Kan. 1998).

The Debtor erroneously asserts that Appellee failed to meet the burden placed upon movants under section 1112(b) when she did not establish that the continued pendency of the action would be prejudicial to her or other creditors. A finding of cause under section 1112(b)(3), which justifies dismissal or conversion based on a debtor's unreasonable delay of proceedings, does typically require a finding of prejudice to the party moving for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(3); *In re Macon Prestressed Concrete Co.*, 61 B.R. 432, 437 (Bankr. M.D. Ga. 1986). However, such a conclusion is unnecessary for a finding of cause under section 1112(b)(4). *See* 11 U.S.C. § 1112(b)(4); *In re Kang*, 18 B.R. 680, 681 (Bankr. N.D. Ill. 1982) (noting that where debtor fails to obey court orders or fulfill duties imposed upon him by bankruptcy code or rules, dismissal is proper). Accordingly, the Appellee met her burden of proof when she established that Debtor did not file a reorganization plan and disclosure statement by the court-imposed deadline of October 20, 2001.

The Debtor was aware of the pending Motion to Dismiss when he argued unsuccessfully for a second extension of time to file a reorganization plan and disclosure statement. And yet, in over a month's time, he failed either to provide a written response to Appellee's Motion or file a reorganization plan and disclosure statement. Nor did he offer, once Appellee had met her burden of proof on the issue of cause, any new justification for extending the filing period for the reorganization plan. The issues regarding the amount of time necessary to file the plan had been addressed repeatedly by the bankruptcy court in the Debtor's two Motions to Increase Time for Filing a Plan. Therefore, a full evidentiary hearing was unnecessary.

Debtors seeking relief in a bankruptcy court must travel a two-way street. *Kang*, 18 B.R. at 680. In exchange for the automatic stay from creditors provided by bankruptcy proceedings, the debtor must fulfill the obligations imposed upon him by the bankruptcy code and court. *Id.* When a debtor fails to perform these duties, dismissal of his petition is proper. *Id.* at 681. For all of these reasons, the Debtor's failure to file a plan within the deadlines established by the bankruptcy court was sufficient cause for dismissal or conversion under section 1112(b), and the court did not abuse its discretion in so finding.

## B. Dismissal in the Best Interests of the Creditors and the Estate

The Debtor next contends that the bankruptcy court erred in failing to consider the best interests of the creditors and the estate in deciding to dismiss, in violation of explicit requirements contained within section 1112(b). Once a bankruptcy court determines that cause exists, it must then examine the best interests of the creditors and estate in ruling which option, dismissal from bankruptcy proceedings or conversion to Chapter 7, will result from the showing of cause. *See* 11 U.S.C. § 1112(b). Contrary to what the Debtor may be contending in his Appellant's Brief, this second portion of a court's analysis under section 1112(b) does not

concern whether dismissal is in the best interests of the parties as opposed to continued pendency of the Chapter 11 proceedings. *See* 11 U.S.C. § 1112(b). Judge Doyle, when presented with the options of dismissal and conversion, concluded within her discretion that dismissal was the appropriate option. (Tr. Oral Arg. Appellee's Mot. Dismiss or Convert, Bates 040.)

A bankruptcy court is not obligated to consider alternatives other than conversion when deciding a motion brought under section 1112(b). *Woodbrook*, 19 F. 3d at 317. The Debtor never explicitly argued for conversion to Chapter 7 liquidation proceedings instead of dismissal during the oral argument on Appellee's Motion to Dismiss, or in his Brief and Reply Brief filed with this Court. While the Debtor did repeatedly assert that the creditors would be better served by proceedings in bankruptcy court rather than collection actions in state court, these arguments were brought in the context of his attempts to remain within Chapter 11 proceedings by filing a reorganization plan in a revised time frame. All creditors had notice of Appellee's Motion to Dismiss, yet none contested it or advocated for conversion to Chapter 7, similar to the facts of *Woodbrook*. 19 F.3d at 317. The court's failure to consider lesser sanctions was not an abuse of discretion, since it was only obligated to consider conversion as an alternative to dismissal and, given the record on appeal, an argument for conversion was never raised. *Id.*

### III. The Bankruptcy Court's Denial of Debtor's Motion to Vacate and Reconsider

Under Fed. R. Bankr. P. 9023, motions to vacate or reconsider final bankruptcy court decisions are determined under the same standard prescribed by Fed. R. Civ. P. 59. *See* FED. R. BANKR. P. 9023. We review the denial of a Fed. R. Civ. P. 59 motion under an abuse of discretion standard. *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1982). Motions to alter or amend the judgment made pursuant to Fed. R. Civ. P. 59 serve to correct manifest errors

of law or fact, or to consider the impact of new evidence unavailable in prior proceedings. *In re Stoecker*, 143 B.R. 118, 147 (Bankr. N.D. Ill.), *aff'd*, 143 B.R. 379 (N.D. Ill. 1992), *aff'd in part, vacated in part on other grounds*, 5 F.3d 1022 (7th Cir. 1993). Such motions should not provide forums to relitigate old issues that could have been raised in prior proceedings. *Stoecker*, 143 B.R. at 147.

The Debtor presented no new evidence in his Motion to Reconsider; rather, he simply filed a reorganization plan, lacking a disclosure statement, within a time frame expressly rejected by the court in prior proceedings on Appellee's Motion to Dismiss. The fact that he was able to file a plan did not constitute new evidence, as the bankruptcy court had already explicitly considered and denied extending the time for filing a plan during oral argument on Appellee's Motion to Dismiss. The Debtor also did not assert any manifest legal error on the part of the bankruptcy court in his Motion to Vacate Order for Dismissal. Rather, he argued solely that the court should vacate its previous dismissal order because he had cured the defect that had caused it by filing a reorganization plan. Because the Debtor asserted no factual or legal basis for vacating the dismissal, the bankruptcy court's denial of his motion was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the Court dismisses the appeal for the Debtor's failure to file a designation of record in the time provided by Fed. R. Bankr. P. 8006, 9006 and, in the alternative, affirms the decisions of the bankruptcy court.

SO ORDERED   9-11-02

ENTER:

HON. RONALD A. GUZMAN
United States Judge